UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

UNITED STATES OF AMERICA

v.                                        CASE NO. 6:23-cr-104-RBD-EJK
                                          21 U.S.C. § 841(a)(1)

BASIL SAMIR ITANI

### INDICTMENT 

The Grand Jury charges:

### COUNT ONE

On or about January 18, 2023, in the Middle District of Florida, the defendant,

BASIL SAMIR ITANI,

did knowingly and intentionally distribute and dispense a controlled substance, which violation involved a mixture and substance containing a detectable amount of oxycodone, a Schedule II controlled substance, outside the usual course of professional practice and not for a legitimate medical purpose.

In violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C).

### COUNT TWO

On or about February 2, 2023, in the Middle District of Florida, the defendant,

BASIL SAMIR ITANI,

did knowingly and intentionally distribute and dispense a controlled substance, which violation involved a mixture and substance containing a detectable amount of oxycodone, a Schedule II controlled substance, outside the usual course of professional practice and not for a legitimate medical purpose.

In violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C).

## COUNT THREE

On or about February 15, 2023, in the Middle District of Florida, the defendant,

BASIL SAMIR ITANI,

did knowingly and intentionally distribute and dispense a controlled substance, which violation involved a mixture and substance containing a detectable amount of oxycodone, a Schedule II controlled substance, outside the usual course of professional practice and not for a legitimate medical purpose.

In violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C).

## COUNT FOUR

On or about March 2, 2023, in the Middle District of Florida, the defendant,

BASIL SAMIR ITANI,

did knowingly and intentionally distribute and dispense a controlled substance, which violation involved a mixture and substance containing a detectable amount of oxycodone, a Schedule II controlled substance, outside the usual course of professional practice and not for a legitimate medical purpose.

In violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C).

## COUNT FIVE

On or about March 23, 2023, in the Middle District of Florida, the defendant,

BASIL SAMIR ITANI,

did knowingly and intentionally distribute and dispense a controlled substance, which violation involved a mixture and substance containing a detectable amount of oxycodone and a mixture and substance containing a detectable amount of methadone, Schedule II controlled substances, outside the usual course of professional practice and not for a legitimate medical purpose.

In violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C).

## COUNT SIX

On or about April 12, 2023, in the Middle District of Florida, the defendant,

BASIL SAMIR ITANI,

did knowingly and intentionally distribute and dispense a controlled substance, which violation involved a mixture and substance containing a detectable amount of oxycodone and a mixture and substance containing a detectable amount of methadone, Schedule II controlled substances, outside the usual course of professional practice and not for a legitimate medical purpose.

In violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C).

## FORFEITURE

1. The allegations contained in Counts One through Six are incorporated by reference for the purpose of alleging forfeiture pursuant to the provisions of 21 U.S.C. § 853.

2. Upon conviction of a violation of 21 U.S.C. § 841(a)(1), the defendant shall forfeit to the United States, pursuant to 21 U.S.C. § 853(a)(1) and (2), any property constituting, or derived from, any proceeds the defendant obtained, directly or indirectly, as a result of such violation, and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such violation.

3. If any of the property described above, as a result of any acts or omissions of the defendant:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third party;

    c. has been placed beyond the jurisdiction of the Court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property, which cannot be divided without difficulty,

the United States shall be entitled to forfeiture of substitute property pursuant to 21 U.S.C. § 853(p).

A TRUE BILL,



Foreperson

ROGER B. HANDBERG
United States Attorney

By: *Sarah Megan Testerman*
Sarah Megan Testerman
Assistant United States Attorney

By: *[signature]*
for Michael P. Felicetta
Assistant United States Attorney
Chief, Orlando Division

5

# UNITED STATES DISTRICT COURT
Middle District of Florida
Orlando Division

THE UNITED STATES OF AMERICA

vs.

BASIL SAMIR ITANI

## INDICTMENT

Violations: 21 U.S.C. § 841(a)(1)

A tru̲[redacted]

_____
Foreperson

Filed in open court this 31st day of May, 2023.

_____
Clerk

Bail $_____