UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

UNITED STATES OF AMERICA

VS.                                                             CASE NO. 6:23-cr-104-RBD-EJK

BASIL SAMIR ITANI
_____/

# ORDER

This cause comes before the Court on the Application for Writ of Garnishment (the "Motion"), filed by the United States on April 29, 2024. (Doc. 68.) For the reasons set forth below, the Motion is due to be granted.

Basil Samir Itani ("Defendant") pleaded guilty to one count of distribution and dispensing of Oxycodone and Methadone outside the usual course of professional practice and not for a legitimate medical purpose in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C). (Doc. 41, 45, 51.) He was adjudicated guilty on this count (Doc. 52), and a Judgment in a Criminal Case was entered on December 21, 2023. (Doc. 64.) As part of Itani's plea, the Court required Itani to pay a $100.00 special assessment and a $50,000.00 fine. (*Id*. at 4.) The current balance, including accrued interest, is $49,975.00. (Doc. 68 at 2.) The United States now requests issuance of a writ of garnishment to Ameriprise Financial (the "Garnishee") compelling the Garnishee to pay to the United States all property held by the Garnishee in which Itani has a substantial nonexempt interest, pursuant to 18 U.S.C. § 3613 and the Federal Debt

Collection Procedures Act ("FDCPA"), 28 U.S.C. §§ 3002, 3202, and 3205. (*Id*. at 2; 68-1.)

The United States is permitted to enforce a criminal judgment "in accordance with the practices and procedures for the enforcement of a civil judgment under Federal law or State law." 18 U.S.C. § 3613(a). The requirement to pay restitution is enforceable in the same manner as the requirement to pay a fine. *Id*. at § 3613(f). The FDCPA provides that "[a] court may issue a writ of garnishment against property (including nonexempt disposable earnings) in which the debtor has a substantial nonexempt interest and which is in the possession, custody, or control of a person other than the debtor in order to satisfy the judgment against the debtor." 28 U.S.C. § 3205(a). The Motion states all the information required by 28 U.S.C. § 3205(b) for issuance of a writ of garnishment.[1] (Doc. 68.)

Accordingly, it is hereby **ORDERED** the Motion (Doc. 68) is **GRANTED** as follows:

1. The United States shall provide to the Clerk a copy of the proposed Writ of Garnishment (Doc. 68-1) that includes Defendant Itani's last known address

---

[1] In the proposed Writ (Doc. 68-1), the United States does not include Defendant's last known address as required by 28 U.S.C. § 3205(c)(2)(D). Therefore, the Court will require the United States to provide the Clerk with a copy of the proposed writ of garnishment that includes Defendant's last known address. Moving forward, the Court will require the United States to provide a copy of the proposed writ of garnishment that includes Defendant's last known address, as required by the statute, with any application for writ of garnishment filed with the Court.

as required by 28 U.S.C. § 3205(c)(2)(D). Once received, the Clerk is **DIRECTED** to issue the Writ of Garnishment.

2. Following issuance of the Writ of Garnishment, the United States shall serve the Garnishee and the judgment debtor with a copy of the Writ with supporting instructions, and certify to the Court that this service was made in accordance with 28 U.S.C. § 3205(c)(3).

**DONE** and **ORDERED** in Orlando, Florida on May 2, 2024.

_____
EMBRY J. KIDD
UNITED STATES MAGISTRATE JUDGE